JOSHUA HUTCHINS, ET AL.,
vs.                                              MARCH TERM, 1851.
MARY W. HUTCHINS, ET AL.

[CHARGE UPON REAL ESTATE DEVISED.]

A TESTATOR devised two tracts of land to his son in fee, upon condition that he shall keep and maintain his mother during life : " and it is moreover my desire that my said son do and shall provide for my daughters, Elizabeth and Susan, good and sufficient boarding, and comfortable clothing, so long as they may remain single." HELD—that this was a charge upon the *whole* real estate devised to the son, and that the daughters of the testator are entitled to a reasonable annual allowance for their board and clothing, or a gross amount in commutation thereof, out of the proceeds of the sale of the land.

This annual allowance is not to be made out of the profits of the estate, in common with the devisee and his family, nor are the daughters to be limited to a proportion of the interest on the proceeds of the sale.

[The facts of this case are stated in the Chancellor's opinion.]

The Chancellor:

This case having been submitted upon exceptions to the report of the Auditor, the proceedings have been read and considered.

It is assumed that the property sold by the trustee consisted of that portion of the real estate of Jarrett Hutchins, which he acquired under the will of his father, Thomas Hutchins, lying in Baltimore County, and that the land lying in Harford County remains unsold. The will describes the land in Baltimore County as containing one hundred and twenty-six and one-quarter acres, and the trustee sold one hundred and twenty-six and one-half acres. It is, therefore, assumed to be the same land, and, indeed, such I understood to be the statement of the solicitors of the parties, when they appeared before me.

The devise to Jarrett Hutchins is in the following terms : " I will and bequeath unto my son Jarrett, my farm, whereon I now reside, lying and being in My Lady's Manor, containing one hundred and twenty-six and one-quarter acres, more or less. Also, my farm in Harford County, to him and his heirs and assigns for ever, on condition that he, the said Jarrett Hutchins, shall keep or otherwise maintain his mother during life, or so long as she may remain single ; and it is, moreover, my desire that the said Jarrett do and shall provide for my daughters, Elizabeth and Susan, good and sufficient boarding and comfortable clothing, so long as they may remain single."

It is not denied that this clause in the will operates as a charge upon the real estate devised to the son of the testator, and since the case of *Tolson* vs. *Tolson et al.*, 10 *G. & J.*, 159, it would be impossible to deny it. And as the decree in this case reserves to the said Elizabeth and Susan Hutchins the right to claim such proportion of the proceeds of the sale as they may be entitled to in lieu of such charge, the Court is now called upon to say what that proportion will be.

The evidence shows that the board and clothing of Elizabeth Hutchins is worth not less than $150 in Baltimore County *per annum*, and that she is about seventy years of age. Taking

this as the data, and making an allowance to her, according to the chancery rule, in lieu of the charge, and she would receive the sum of five hundred dollars, and this the Auditor has allowed her in account B, making a similar allowance to her sister Susan, though, as to the latter, there is no proof either touching her age or the condition of her health.

The counsel, I think, stated that nothing was claimed for Susan, though I am not positive as to this, nor do I remember why it was that the claim was not made.

The defendant, Mary O. Hutchins, for herself and her children, excepts to this account, *first*, that the said parties were only entitled to board and clothing out of the profits of the estate in common with the devisee, Jarrett, and his family, and, therefore, that they can only claim a reasonable proportion of the income of said estate or interest on the proceeds of sale; and, *secondly*, that the subsistence of said parties ought to be charged on the other real estate devised to Jarrett by his father, or, at any rate, that an allowance should be made in gross out of the proceeds of sale, and that the allowance so made by the Auditor in account B, is excessive, &c.

Upon examining the will, I am of opinion that the daughters of the testator, Elizabeth and Susan, are entitled to board and clothing, and that a reasonable annual sum must be allowed them for this purpose, or a gross amount in commutation thereof out of the proceeds of the sale. I do not think this annual allowance is to be made out of the profits of the estate in common with the devisee and his family, or that they (the daughters) are to be limited to a proportion of the interest on the proceeds of the sale. The direction in the will is that they shall have " good and sufficient boarding and comfortable clothing, so long as they may remain single."

It does not appear what family, if any, the devisee Jarrett had at the date of the will, in 1816, or when the testator died, on or about the same period. Nor does it appear what was the value of the other property devised to him. Moreover, this charge was only to continue so long as the daughters of the testator should remain single, and perhaps this may have

operated with the father in making the devise, and with the son in accepting it.

Nor do I think that the charge for boarding and clothing these parties should be thrown exclusively on the other real estate devised to Jarrett Hutchins. There is nothing to show its adequacy, and besides, the will fastens it upon the whole estate devised.

As, however, the land in Baltimore County was sold for the benefit of the heirs-at-law and creditors, and as the allowance made these parties in the account B, will make a deficiency to pay the claims of creditors, I do not think it would be proper to throw the whole burden upon the proceeds of this sale, and shall, therefore, affirming so much of the account as may now be done, refer the case to the Auditor to state an account, making the proper allowance in gross to the said parties, or one of them, and charging a proportion thereof on the proceeds of sale in this case, and the residue on the land in Harford County when the necessary proof is supplied.

ALEXANDER, for the Exceptants.
BOYD, for the other parties.